**Abated and Opinion Filed February 7, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01261-CR**

**AL DENNIS PATTERSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F16-75323-J**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Nowell
Opinion by Justice Pedersen, III

Appellant Al Dennis Patterson appeals from the trial court's revocation of his deferred adjudication community service and adjudication of his guilt for the offense of robbery. His attorney has filed a brief in which he concluded this appeal is wholly frivolous, without merit, and that there are no arguable grounds to advance. *See Anders v. California*, 386 U.S. 738 (1967). He has also filed a motion to withdraw as counsel for appellant. Because we have identified an arguable issue in this record, we grant counsel's motion. But we strike his brief and remand for appointment of new appellate counsel.

## Background

Appellant was indicted and charged with robbery. TEX. PENAL CODE ANN. § 29.02. On April 27, 2017, he waived his right to a jury trial and entered a plea of guilty. The trial court deferred adjudication of appellant's guilt, placed him on community supervision for four years, and imposed a fine of $1,000.

On October 30, 2020, the State filed its Motion to Revoke Probation or Proceed with an Adjudication of Guilt (the Motion). The State urged a single violation of appellant's conditions of community supervision:

> A. The Defendant, Al Dennis Patterson, violated the laws of the State of Texas in that on or about 06/01/[20]17 in Dallas County, Al Dennis Patterson, did unlawfully, knowingly and intentionally commit the offense of AGG SEXUAL ASSAULT CHILD as alleged in cause no. F207675 I.

Appellant contested the Motion, and the trial court conducted a hearing on November 11, 2022.

The State called Mikki Lucas, a felony court probation officer with the Dallas County Adult Probation Department. Lucas testified that she served appellant's conditions of community service on him and explained the conditions to him; appellant signed the conditions at that time. Lucas learned that appellant was arrested on October 22, 2020, for aggravated sexual assault of a child. She knew that that offense was resolved by a jury trial on September 2, 2022, and that appellant was sentenced in that proceeding to fifteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice (TDCJ). In response to a

question on cross examination, she stated that she did not know whether the sexual assault offense was on appeal.

The State also called Darrell Doty, who is an investigator with the Dallas County District Attorney's office and a fingerprint expert. Doty testified that he took appellant's fingerprints the day of the revocation hearing and compared them to the fingerprints on the judgment in the sexual assault case; he concluded the fingerprints were from the same person. The State asked the court to take judicial notice of its file and of the probation file.

Appellant offered no testimony, but asked the court to take judicial notice of its entire file, stressing that it "includ[ed] the notice of appeal" in the sexual assault case.

Both sides gave brief closing arguments, which we reproduce here:

### DEFENSE'S CLOSING ARGUMENT

Yes, Judge. The Court having taken judicial notice that the allegation of the aggravated sexual abuse of a child is not being a final conviction being under appeal, we would ask the Court for a finding of not true and discharge him from probation.

### STATE'S CLOSING ARGUMENT

Judge, the burden being preponderance of the evidence, defendant was convicted in this court on September 2nd, 2020 [sic] of the allegation that is alleged within the motion to adjudicate in both cases. The State has belief -- believes that it has met its burden in this case and ask[s] that the Court find this allegation true.

The trial court proceeded to adjudication. It found the allegation of violation of Texas law true, found appellant guilty, and assessed his punishment at seven years' confinement in TDJC. This appeal followed.

## The *Anders* Brief

In this Court, appellant's attorney filed an *Anders* brief, concluding that the appeal is wholly frivolous and without merit. Counsel delivered a copy of the brief to appellant, informed appellant of his right to review the record, informed him of the right to file a brief or other response on his own behalf, and informed him of his right to pursue a petition for discretionary review in the Texas Court of Criminal Appeals if we deny him relief on appeal. We also advised appellant of his right to file a pro se response, but he did not file one. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (noting appellant has right to file pro se response to *Anders* brief filed by counsel). The State's attorney made an appearance but did not file any response to the *Anders* brief.

When filing an *Anders* brief, counsel's obligation is to assure this Court "that, after thorough investigation and research, his request [to withdraw] is well founded." *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008). The brief should refer to anything in the record that might arguably support an appeal and include appropriate record references and citations to authority. *High v. State*, 573 S.W.2d 807, 811 (Tex. Crim. App. 1978). If we conclude "either that appellate counsel has not adequately discharged [his] constitutional duty to review the record for any

–4–

arguable error, or that the appeal is not wholly frivolous, notwithstanding appellate counsel's efforts," we must abate the appeal and return the cause to the trial court for the appointment of new appellate counsel. *Meza v. State*, 206 S.W.3d 684, 689 (Tex. Crim. App. 2006); *see also Crowe v. State*, 595 S.W.3d 317, 319 (Tex. App.—Dallas 2020, no pet.).

We have reviewed the record carefully. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). That review has raised concerns as to whether appointed counsel has met his obligations under *Anders* and *High*.

To begin, the focus of counsel's legal argument in this case is appellant's 2017 plea proceeding rather than the revocation proceeding. Texas law generally precludes appealing issues relating to the original proceeding in a revocation appeal. *See Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999) (defendant placed on deferred adjudication community supervision may raise issues relating to original plea proceeding only in appeals taken when deferred adjudication community supervision is first imposed). Moreover, our review of the record establishes that the exception to the *Manuel* rule for void judgments does not apply here. *See Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001). Accordingly, we do not address the 2017 proceeding in this opinion.

Counsel addresses the actual revocation proceeding briefly under the heading "Sentencing." The brief relates that after considering all the evidence brought

forward at the revocation hearing, the trial court ruled that appellant violated "term A" of the conditions of his community service and imposed punishment of seven years' incarceration, which is within the statutory limit for the offense of robbery. Counsel then concludes "there is no basis for reversal of appellant's sentence" given the trial court's discretion in determining appropriate punishment.

Counsel does not address at any point the issue raised by appellant's trial counsel concerning the fact that the sexual assault conviction was not final at the time of revocation.[1] Without reaching the merits of that issue, we conclude that it was raised and preserved; it is, at a minimum, an arguable issue.

In addition, our review of the record has identified a clerical error in appellant's judgment. The judgment erroneously states that appellant pleaded "TRUE" to the Motion. We may correct and modify the judgment of a trial court in an *Anders* case to make the record speak the truth when we have the necessary data and information to do so. *See Crowe*, 595 S.W.3d at 320 n.5. The record establishes that appellant contested the Motion. However, given our resolution of the appeal, we do not reform the judgment at this time; we trust that new appellate counsel will address this and any other clerical error that requires reformation of the judgment. *See id.*

---

[1] We note that the sexual assault case—numbered F20-7675I in the trial court and 05-22-01303-CR on appeal—remains pending in this Court as of the date of this opinion.

We are not satisfied that the brief filed by appointed counsel is based upon the type of review envisioned by *Anders, i.e.*, a conscientious and thorough review of the law and facts. Accordingly, we grant appointed counsel's motion to withdraw and strike his *Anders* brief. We remand the case to the trial court and order the trial court to appoint new appellate counsel to represent appellant. New appellate counsel should investigate the record and file a brief on the merits that addresses the issue of using a non-final conviction to prove a violation of condition A, the error in the judgment, and any other plausible grounds for appeal. *See id.* at 321.

We further order the trial court to inform this Court in writing of the identity of new appellate counsel, new appellate counsel's contact information, and the date counsel is appointed.

We remove this appeal from the submission docket and abate the appeal for the trial court to comply with the dictates of this opinion.

**Conclusion**

We grant counsel's motion to withdraw. We strike the *Anders* brief, and we remand this case for appointment of new appellate counsel.

221261f.u05
Do Not Publish
TEX. R. APP. P. 47

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE